Filed 4/20/22  P. v. Tirado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE GUADALUPE TIRADO,<br><br>Defendant and Appellant. | F076836<br><br>(Super. Ct. No. BF163811A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Julie A. Hokans, and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In *People v. Tirado* (2019) 38 Cal.App.5th 637 (*Tirado I*), we concluded the trial court did not have discretion under Penal Code[1] sections 1385 and 12022.53, subdivision (h) (§ 12022.53(h)) to substitute a section 12022.53, subdivision (d) (§ 12022.53(d)) enhancement for a different enhancement. (*Tirado I*, at p. 640.) In *People v. Tirado* (2022) 12 Cal.5th 688, the Supreme Court reversed our judgment, holding that "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Id.* at p. 692.) The Supreme Court remanded the matter to this court "to address the People's unresolved forfeiture argument . . . and for any further proceedings not inconsistent with this opinion." (*Id.* at p. 702.)

Following remand, we granted defendant Jose Guadalupe Tirado's request to file supplemental briefing. Defendant contends the matter should be remanded to the trial court for resentencing consistent with Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill No. 124). The People concede defendant is entitled to remand and resentencing and, because of that, their forfeiture issue is moot. We accept the People's concession and remand the matter to the trial court for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of the following offenses and enhancements: count 2 – robbery (§ 212.5, subd. (c)), with an enhancement for personal discharge of a firearm causing great bodily injury (§ 12022.53(d)); count 5 – misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)); and count 6 – assault with a semiautomatic firearm (§ 245, subd. (b)), with enhancements for personal infliction of great bodily injury (§ 12022.7, subd. (a)) and personal use of a firearm (§ 12022.5, subd. (a)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

At sentencing on January 8, 2018, the trial court denied defendant's motion to strike the section 12022.53(d) enhancement in the interests of justice pursuant to sections 1385 and 12022.53(h). The court then sentenced defendant as follows. On count 2, the court imposed the middle term of three years for robbery (§ 212.5, subd. (c)), plus 25 years to life for the firearm enhancement (§ 12022.53(d)). On count 6, the court imposed the middle term of six years for assault with a semiautomatic firearm (§ 245, subd. (b)), plus the middle term of three years for the use of a firearm enhancement (§12022.7, subd. (a)), plus four years for the great bodily injury enhancement (§ 12022.5, subd. (a)), all to be served concurrently with count 2. On count 5, the court imposed a sentence of 90 days to be served concurrently with count 6.[2]

## DISCUSSION

**I.      Defendant is entitled to remand and resentencing consistent with Assembly Bill No. 124.**

Effective January 1, 2022, Assembly Bill No. 124[3] amended section 1170 by adding paragraph (6) to subdivision (b), which provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating

---

[2] We omit the facts of defendant's offenses as irrelevant to the resolution of this appeal following remand from the Supreme Court.

[3] During the 2021-2022 legislative term, three bills proposing changes to section 1170 in a variety of ways were introduced. They were Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3). All three bills were passed by the Legislature in September 2021, and approved by the Governor and filed with the Secretary of State on October 8, 2021. Senate Bill No. 567 bears the highest chapter number and is presumed to be the last of the three approved by the Governor. (Gov. Code, § 9510.) As such, Senate Bill No. 567 prevails over Assembly Bill No. 124. (Gov. Code, § 9605, subd. (b).) To the extent there are conflicts between the three bills, Senate Bill No. 567 takes precedence. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738-739.) As to subdivision (b)(6)(A) and (B) of section 1170, however, the substantive language in Assembly Bill No. 124, Senate Bill No. 1540, and Senate Bill No. 567 are not in conflict. For ease of discussion, we refer to Assembly Bill No. 124 rather than Senate Bill No. 567.

circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶]  (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.  [¶]  (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.  [¶]  (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6).)  Section 1016.7,[4] subdivision (b), defines a " 'youth' " as "any person under 26 years of age on the date the offense was committed."

The People concede Assembly Bill No. 124 applies to defendant retroactively and that remand is required.  We accept that concession.  We express no view on how the trial court should exercise its discretion on remand.

## II.    The People's forfeiture claim is moot because defendant must be resentenced.

When this matter was previously before this court, the People argued defendant forfeited his claim the trial court was unaware of its discretion to impose a lesser statutory enhancement because he only asked the trial court to strike the section 12022.53(d) enhancement outright.  We did not address forfeiture because we rejected defendant's claim of error on the merits.  (*Tirado I*, *supra*, 38 Cal.App.5th at pp. 641-642, fn. 5.)  The Supreme Court has instructed us to address the forfeiture argument on remand.

The People concede their forfeiture argument is now moot because the matter must be remanded for resentencing in accordance with Assembly Bill No. 124.  We agree.  When this matter is remanded, " 'a full resentencing as to all counts is

---

[4] Assembly Bill No. 124 (Stats. 2021, ch. 695, § 4) added section 1016.7.

appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## **DISPOSITION**

The matter is remanded for the trial court to resentence defendant in light of changes effected by Assembly Bill No. 124, and to exercise its discretion pursuant to section 12022.53(h) in accordance with *People v. Tirado*, *supra*, 12 Cal.5th 688. In all other respects, the judgment is affirmed.

DETJEN, Acting P. J.

WE CONCUR:

SMITH, J.

DE SANTOS, J.

5.